# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

MARK W. CHARCALLA,                    )
                                      )
Plaintiff,                            )
                                      )
v.                                    )
                                      ) NO. 1:14-CV-14
DIRECTOR OF CIVIL RIGHTS              )
DIVISION DEPARTMENT OF                )
JUSTICE, An agency of the             )
United States Government              )
                                      )
Defendant.

## OPINION AND ORDER

This matter is before the Court on the Third Motion for Default Judgment, filed by Plaintiff Mark Charcalla, on November 12, 2014 (DE# 22); the Motion to Dismiss Plaintiff's Amended Petition for a Writ of Mandamus for Failure to State a Claim on Which Relief Can Be Granted and for Insufficient Service of Process, filed by Defendant Director of Civil Rights Division of the Department of Justice on January 20, 2015 (DE# 28); and the Motion for Summary Judgment for a Writ of Mandamus filed by Plaintiff on February 6, 2015 (DE #32). For the reasons set forth below, Plaintiff's Third Motion for Default Judgment (DE # 22) is **DENIED**; Defendant's Motion to Dismiss Plaintiff's Amended Petition for a Writ of Mandamus for Failure to State a Claim on Which Relief

1

Can Be Granted and for Insufficient Service of Process (DE# 28) is **GRANTED**; and Plaintiff's Motion for Summary Judgment for a Writ of Mandamus (DE #32) is **DENIED.** Plaintiff's Amended Petition for a Writ of Mandamus (DE# 15) is **DISMISSED.**

BACKGROUND

On January 21, 2014, Plaintiff Mark Charcalla ("Charcalla") filed a *pro se* complaint entitled, "Petition for Writ of Mandamus" against Defendant Director of Civil Affairs of the Department of Justice ("DOJ"). (DE# 1.) In April 2014, Charcalla moved for default judgement. Magistrate Judge Cosbey denied this motion because Charcalla's service of the United States was improper under Federal Rules of Procedure Rule 4(i)(1). (DE# 7.) Charcalla served another summons on the United States, and in July 2014, filed a second motion for default. Magistrate Judge Cosbey denied this motion because Charcalla failed to serve the Attorney General as required by Rule 4(i)(1). (DE# 11.)

On August 20, 2014, Charcalla filed an amended *pro se* complaint entitled, "Amended Petition for a Writ of Mandamus" ("Amended Petition"), seeking a writ of mandamus compelling the DOJ to authorize a United States district attorney to act as Charcalla's attorney in his claim against his former employer for benefits under the Veterans Reemployment Rights Act of 1974 ("VRRA"). (DE# 15.) Charcalla served the Amended Petition and

summons on a United States district attorney, the Attorney General, and Molly Moran, the former Acting Assistant Attorney General of the DOJ's Civil Rights Division. (DE## 18-21.)

On November 12, 2014, Charcalla filed his Third Motion for Default Judgment. (DE# 22.) Five days later, an Assistant United States Attorney filed a notice of appearance on behalf of the DOJ, and an unopposed motion to extend the time to file a response to the Amended Petition. (DE## 23, 24.) Magistrate Judge Cosbey granted this motion for an extension, noting that the DOJ's counsel "represents that plaintiff does not object," and ordered the DOJ to file responses to Charcalla's Amended Petition and Third Motion for Default Judgment by January 13, 2015. (DE# 25.) Magistrate Judge Cosbey granted the DOJ's second unopposed motion to extend the time to file a response to the Amended Petition to January 20, 2015, noting the DOJ's representation that Charcalla had no objection. (DE# 27.)

On January 20, 2015, the DOJ filed a motion to dismiss the Amended Petition for failure to state a claim and for insufficient service of process. (DE# 28.) Charcalla filed his response to the DOJ's motion on February 6, 2015. (DE# 31.) On the same day, Charcalla filed a one-sentence motion for summary judgment. (DE# 32.) The DOJ filed its reply to its motion to dismiss on March 3, 2015. (DE# 35.) The DOJ did not respond to Charcalla's motion for default judgment or summary judgement motion.

FACTS

The Amended Petition alleges the following relevant facts: Charcalla is a "service connected disabled veteran" seeking benefits authorized under the VRRA. (DE# 15 at 1.) Upon returning from military duty, Charcalla was reemployed by his former employer under the VRRA, but was laid off after nine weeks.[1] (*Id*. at 2.) Sometime "[l]ater, [Charcalla] learned that a company can not [*sic*] do this until the veteran has had 1 full year of employment." (*Id*.) In 2009, he filed a claim against his former employer with the Department of Labor, and escalated it to the DOJ for enforcement. (*Id*. at 1, 7.) The DOJ refused to represent Charcalla in his Uniformed Services Employment and Reemployment Rights Act ("USERRA") claim against his former employer. (*Id*. at 1, 7 (May 2009 letter to Charcalla denying representation).) In 2011, Charcalla filed a *pro se* complaint asserting USERRA claims against his former employer, which was subsequently dismissed. (*Id*. at 1 (citing *Charcalla v. Gen. Elec. Transp. Sys*., No. 11-277 (W.D. Pa.))). Charcalla allegedly contacted several government officials and agencies, including the Department of Veterans Affairs and the Office of Special Counsel, seeking

---

[1] While the Amended Petition does not allege the dates of Charcalla's reemployment or termination, both parties allege in their briefs that Charcalla was rehired in or around 1985, and was terminated several weeks later. (DE ## 29 at 1, 31 at 2); *see Charcalla v. Gen. Elec. Transp. Sys.,* No. 11-277, 2012 WL 1436563, at *1 (W.D. Pa. Apr. 25, 2012) (noting complaint against Charcalla's former employer alleged that he returned to employment in December 1985, but was laid off in early 1986).

representation under the VRRA, to no avail. (*Id.* at 3.) In September 2012, a deputy director of the Civil Rights Division allegedly told Charcalla that the DOJ would not authorize his representation "as a matter of established policy." (*Id.*) In April 2013, the Office of the Inspector General's Investigations Division reviewed Charcalla's allegations of misconduct by the DOJ, and determined that it did not have jurisdiction. (*Id.* at 4, 11.)

The Amended Petition asserts that "courts may issue all writs necessary and appropriate in aid of their respective jurisdictions and agreeable to usages and principals of law," (*id.* at 2 (citing 28 U.S.C. § 1651(a)), and that the Administrative Procedure Act allows a court to set aside an agency action or policy. (*Id.* at 4.) The Amended Petition seeks a writ of mandamus compelling the DOJ to authorize a United States district attorney to represent him in his claim against his former employer. (*Id.* at 1, 4, 6.)


DISCUSSION

Motion for Default Judgment

In his third motion for default judgment, Charcalla contends that he is entitled to a default judgment against the DOJ. A party seeking affirmative relief is entitled to a default judgment in its favor when the party from which relief is sought fails to plead or otherwise defend. Fed. R. Civ. P. 55(a).

Here, the DOJ filed two unopposed motions for extensions of time in which to respond to the Amended Petition. Charcalla had no objection to either motion. Magistrate Judge Cosbey granted the DOJ's motions, and the DOJ filed its motion to dismiss within the extended deadline. Therefore, Charcalla's third motion for default judgment is **DENIED**. *See Washington v. Duncan*, No. 13-C-1080, 2015 WL 2165580, at *2 (E.D. Wis. May 8, 2015) (denying default judgement motion where the court had granted defendant's motion for leave to file answer).

Motion to Dismiss

The DOJ's motion to dismiss argues that Charcalla's Amended Petition: (1) suffers from insufficient service of process under Federal Rules of Civil Procedure Rule 12(b)(5); and (2) fails to state a claim upon which relief can be granted under Rule 12(b)(6). The Court will address these issues in turn.

Insufficient Service of Process:

Federal Rules of Civil Procedure Rule 4(i) provides that to serve a United States agency, "a party must serve the United States and also send a copy of the summons and of the complaint by registered mail to the agency." Fed. R. Civ. P. 4(i)(2). To properly serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . ;

6

> (B) send a copy of each by registered or certified mail
> to the Attorney General of the United States at
> Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty
> agency or officer of the United States, send a copy of
> each by registered or certified mail to the agency or
> officer.

Fed. R. Civ. P. 4(i)(1). The DOJ asserts that Charcalla failed to satisfy Rule 4 because he personally served the summons and Amended Petition on the Attorney General and the former Acting Assistant Attorney General of the DOJ's Civil Rights Division. (DE# 29 at 2, 5.) However, the record indicates that Charcalla served these documents by certified mail. (DE## 19, 20.) Service in this manner is authorized by Rules 4(i)(1)(B) and 4(i)(2). According to the certified mail receipts, the Attorney General and the DOJ received the summons on August 28, 2014, and September 3, 2014, respectively. (*Id.*) In addition, a nonparty personally served the summons on the United States district attorney in Fort Wayne, Indiana, on August 28, 2014. (DE# 18.) Service in this manner is authorized by Rule 4(i)(1)(A). Therefore, Charcalla's service on of process was effective under Rule 4.

   Failure to State a Claim:

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than fraud and mistake are governed by the pleading standard outlined in Federal

Rules of Civil Procedure Rule 8(a), which requires a "short and plain statement" that the pleader is entitled to relief.

In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts must be resolved in the plaintiff's favor. *Pugh v. Tribune Co.,* 521 F.3d 686, 692 (7th Cir. 2008). "In evaluating the sufficiency of a complaint, 'the court may also consider documents attached to the pleading without converting the motion into one for summary judgment.'" *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Nw. Ind.,* 786 F.3d 510, 528, n.8 (7th Cir. 2015) (quoting *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 556 (7th Cir. 2012)); *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")). Plaintiffs may plead themselves out of court if the complaint includes allegations that show they cannot possibly be entitled to the relief sought. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

The Court notes that Charcalla is appearing *pro se* in this matter. Generally, although "*pro se* litigants are masters of their

own complaints" and "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005), a document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citation omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted).

The DOJ asserts that Charcalla's Amended Petition fails to state a claim for relief under Rule 12(b)(6) because Charcalla's claims are (1) barred by sovereign immunity, and (2) not covered by the Administrative Procedure Act.

<u>Sovereign Immunity</u>

The DOJ argues that the Amended Petition is barred by sovereign immunity. "Sovereign immunity, when it exists, cuts off a plaintiff's ability to sue the government." *Michigan v. U.S. Army Corps of Eng'rs,* 758 F.3d 892, 900 (7th Cir. 2014). A waiver of sovereign immunity cannot be implied but must be unequivocally expressed in statutory text, and any such waiver must be strictly construed in the government's favor. *Abdulqader v. United States,* 596 Fed. Appx. 515, 516 (7th Cir. 2015) (citing *United States v. Mitchell*, 445 U.S. 535, 538, 100 S. Ct. 1349, 63 L. Ed. 2d 607

(1980) and *Lane v. Pena*, 518 U.S. 187, 192, 116 S. Ct. 2092, 135 L. Ed. 2d 486 (1996)). The DOJ maintains that USERRA does not waive sovereign immunity as to the DOJ's representation decisions.

USERRA is "the latest in a series laws protecting veterans' employment and reemployment rights," replacing its immediate predecessor, the VRRA. 20 C.F.R. § 1002.2. "USERRA encourages military service by granting service members rights with respect to civilian employment that are not available to similarly situated, nonmilitary employees." *Crews v. City of Mt. Vernon*, 567 F.3d 860, 867 (7th Cir. 2009). When Congress enacted USERRA in 1994, it "emphasized USERRA's continuity with the VRRA and its intention to clarify and strengthen that law." 20 C.F.R. § 1002.2; *see Middleton v. City of Chicago,* 578 F.3d 655, 659 (7th Cir. 2009) ("USERRA established additional rights and liabilities that did not exist under the VRRA.").[2] USERRA and the VRRA are to be interpreted liberally in favor of veterans seeking its protections. *See Davis v. Advocate Health Ctr. Patient Care Express*, 523 F.3d 681, 683–84 (7th Cir. 2008) (noting courts construe USERRA liberally); *Watters v. Tilden Min. Co., L.C.,* 409 Fed. Appx. 812, 818 (6th Cir. 2010) (noting "the VRRA and acts like it should be interpreted liberally"). While "cases have

---

[2] For example, "[t]he only remedy available under the VRRA was injunctive relief and recovery of lost wages and benefits. . . . Among other improvements, if an employer engaged in willful discrimination, USERRA permitted a plaintiff to seek liquidated damages, a form of relief unavailable under the VRRA." *Middleton,* 578 F.3d at 659.

implored courts to construe certain veterans' statutes liberally, they do not instruct courts to create rights out of whole cloth." *Bowlds v. Gen. Motors Mfg. Div. of Gen. Motors Corp.*, 411 F.3d 808, 812 (7th Cir. 2005).

The DOJ maintains that no provision of USERRA waives the United States' sovereign immunity for claims challenging its USERRA representation decisions. *Cf.* 38 U.S.C. § 4324 (authorizing litigation against a Federal executive agency in its capacity as an employer). In response, Charcalla does not argue that USERRA waives sovereign immunity. Rather, he insists that USERRA's predecessor, the VRRA, applies to his claims.

While the Seventh Circuit has not addressed this issue under either statute, courts in other circuits have refused to extend the United States' waiver of sovereign immunity under USERRA beyond its waiver as an employer. In *Wood v. Dep't of Labor*, No. 09-61222-CV, 2009 WL 4667087 (S.D. Fla. Dec. 9, 2009), a veteran challenged the Department of Labor's decision to refer his USERRA complaint against an employer to a state agency. *Id*. at *1. The veteran insisted that the Department had an obligation under USERRA to assist him in his complaint against the employer, and asked the Court to order the Department to provide him with a lawyer to pursue those claims. *Id*. The court held that USERRA did not contain an explicit waiver of sovereign immunity, noting that "§ 4324 only authorizes litigation against the federal government in

11

its capacity as an employer." *Id.* at *1-*2.   After addressing
other issues, the court dismissed the case with prejudice.   *See
id.* at *2; *see also Jones v. New York City Hous. Auth.*, No. 05-
Civ-8104, 2006 WL 1096804, at *3 (S.D.N.Y. Apr. 25, 2006) (finding
no waiver of sovereign immunity under USERRA where a veteran sued
"a federal agency to force the United States to ensure that an
employer complies with federal and local law").   This Court agrees
that USERRA does not unequivocally waive sovereign immunity as to
the government's representation decisions.

While Charcalla asserts that the VRRA, rather than USERRA,
applies to his claims, he does not cite any provision of the VRRA
that waives sovereign immunity as to the government's
representation decisions.   The Court was unable to locate any
unequivocal waiver of sovereign immunity as to representation
decisions in either the text of the VRRA, or case law addressing
the VRRA.   Strictly construing USERRA in the government's favor,
the Court concludes that the United States did not waive sovereign
immunity as to its representation decisions under the VRRA.

<u>Administrative Procedure Act</u>

The DOJ also argues that Charcalla's claim should be dismissed
because the Administrative Procedure Act ("APA") does not cover
the DOJ's representation decisions under USERRA.   The APA provides
that a reviewing court shall "compel agency action unlawfully
withheld or unreasonably delayed."   5 U.S.C. § 706(1).   However,

the APA does not apply where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). The DOJ maintains that because its decision to represent a veteran is discretionary under USERRA, it is not reviewable under the APA.

In *Heckler v. Chaney*, 470 U.S. 821, 105 S. Ct. 1649, 84 L. Ed. 2 714 (1985), the Supreme Court addressed circumstances in which judicial review of agency inaction is appropriate. There, the Court addressed whether the Food and Drug Administration's ("FDA") decision not to undertake an enforcement proceeding against the use of certain drugs was subject to judicial review. The Court held that, under 5 U.S.C. § 701(a)(2), even when Congress has not affirmatively precluded judicial oversight, "review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Id*. at 830. Since the statute conferring power on the FDA to prohibit the unlawful misbranding or misuse of drugs provided no substantive standards on which a court could base its review, the Supreme Court found that enforcement actions were committed to the complete discretion of the FDA.

The Supreme Court has emphasized that 5 U.S.C. § 701(a)(2) requires careful examination of the statute upon which the claim of agency illegality is based. *See Webster v. Doe*, 486 U.S. 592, 600, 108 S. Ct. 2047, 100 L. Ed. 2d 632 (1988) (citing *Heckler*,

470 U.S. 821). Here, the DOJ relies upon USERRA's enforcement provision, which states in part:

> If the Attorney General is reasonably satisfied that the person on whose behalf the complaint is referred is entitled to the rights or benefits sought, the Attorney General may appear on behalf of, and act as attorney for, the person on whose behalf the complaint is submitted and commence an action for relief under this chapter for such person.

38 U.S.C. § 4323(a)(1) (2008). The DOJ maintains that its decision not to represent Charcalla was made pursuant to this provision, and was discretionary. Charcalla does not contest that the DOJ's decision to represent a veteran under USERRA is discretionary and not reviewable. *See Wood*, 2009 WL 4667087, at *2 (noting plaintiff "correctly conceded that the Attorney General's decision to appoint counsel [under 38 U.S.C. § 4323] is discretionary and not subject to the Court's review.").

Charcalla insists that the VRRA, rather than USERRA, applies to his claim against the DOJ. *See Maher v. City of Chicago*, 406 F. Supp. 2d 1006, 1012 (N.D. Ill. 2006) (USERRA applies only to causes of action that accrued "on or after the first day after the sixty-day period beginning on October 13, 1994," and is not applied retroactively). In deciding whether to apply the VRRA or USERRA, courts consider when the veteran's claims arose. *See, e.g., Watters v. Tilden Min. Co., L.C.,* 409 Fed. Appx. 812, 815 (6th Cir. 2010) (applying VRAA in effect when veteran's reemployment was initiated in 1988); *Maher*, 406 F. Supp. 2d at 1012 (finding

that "[s]ince the amended complaint claims spans the period from February 1991 through March 1998, some claims fall under VRRA, and some fall under USERRA."). While Charcalla maintains that his claims against his former employer and the DOJ arise under the VRRA, this issue is far from clear. Charcalla cites correspondence from the Department of Labor stating that his claim against his former employer falls under the VRRA because his "performance of military service occurred 1982 thru 1985." (DE# 31 at 11.) However, the Amended Petition alleges that the DOJ refused to represent Charcalla in "a USERAA claim" in 2009. (DE# 15 at 2, 7.) Because the Court concludes that representation decisions are discretionary and unreviewable under both the VRRA and USERRA, it need not decide which statute applies to Charcalla's claim against the DOJ.

The VRRA's enforcement provision stated in part:

Upon application to the United States attorney or comparable official for any district in which such private employer maintains a place of business, or in which such State or political subdivision thereof exercises authority or carries out its functions, by any person claiming to be entitled to the benefits provided for in such provisions, such United States attorney or official, if reasonably satisfied that the person so applying is entitled to such benefits, *shall* appear and act as attorney for such person in the amicable adjustment of the claim or in the filing of any motion, petition, or other appropriate pleading and the prosecution thereof specifically to require such employer to comply with such provisions.

38 U.S.C. § 2022 (1984) (emphasis added). Charcalla insists that the word "shall" in this sentence indicates a lack of discretion in representing veterans.

The Seventh Circuit has looked beyond a provision's use of the term "shall" to determine whether agency discretion precludes review under 5 U.S.C. § 701(a)(2). In *Andrews v. Consolidated Rail Corporation,* 831 F.2d 678 (7th Cir. 1987), the plaintiff challenged the Department of Labor's decision not to prosecute a discrimination claim under section 503 of the Rehabilitation Act of 1973. The Seventh Circuit considered the language of section 503, which provided that "[t]he Department [of Labor] *shall* promptly investigate such complaint and *shall* take such action thereon as the facts and circumstances warrant. . . ." *Id*. at 686 (emphasis added). Regardless of the fact that this provision included the term "shall," the Seventh Circuit concluded that the Department's decision "was clearly within its discretion under 5 U.S.C. § 701(a)(2)" and not reviewable. *Id*. at 687. The Court explained that "Congress in enacting [section 503] neither set substantive priorities nor otherwise limited the Department of Labor's discretion in choosing which claims to prosecute." *Id*. at 686. It also noted that the regulation's language "[i]f the Director decides not to initiate . . ." supported the conclusion that the Department was within its discretion in deciding when and when not to pursue enforcement actions. *Id*.

16

Focusing on the term "shall," Charcalla ignores other text in the VRRA enforcement provision indicating agency discretion. The VRRA provision began by focusing on a veteran's ability to pursue a claim against an employer in federal court, stating in relevant part that, "[i]f any employer . . . fails or refuses to comply with [the VRRA], . . . upon the filing of a motion, petition, or other appropriate pleading *by the person entitled to the benefits of such provisions*," the district court has the power to require the employer to comply with such provisions. 8 U.S.C. § 2022 (1974) (emphasis added).[3] While the provision also stated that an

_____

[3] The VRRA enforcement provision in effect at the time of Charcalla's alleged reinstatement and termination stated in its entirety:

> If any employer, who is a private employer or a State or political subdivision thereof, fails or refuses to comply with the provisions of section 2021(a), (b)(1), or (b)(3), or 2024 of this title, the district court of the United States for any district in which such private employer maintains a place of business, or in which such State or political subdivision thereof exercises authority or carriers out its functions, shall have the power, upon the filing of a motion, petition, or other appropriate pleading by the person entitled to the benefits of such provisions, specifically to require such employer to comply with such provisions and to compensate such person for any loss of wages or benefits suffered by reason of such employer's unlawful action. Any such compensation shall be in addition to and shall not be deemed to diminish any of the benefits provided for in such provisions. Upon application to the United States attorney or comparable official for any district in which such private employer maintains a place of business, or in which such State or political subdivision thereof exercises authority or carries out its functions, by any person claiming to be entitled to the benefits provided for in such provisions, such United States attorney or official, if reasonably satisfied that the person so applying is entitled to such benefits, shall appear and act as attorney for such person in the amicable adjustment of the claim or in the filing of any motion, petition, or other appropriate pleading and the prosecution thereof specifically to require such employer to comply with such provisions. No fees or court costs shall be taxed against any person who may apply for such benefits. In any such action only the employer shall be deemed a necessary party respondent. No State statute of limitations shall apply to any proceedings under this chapter.

official "shall" appear on a veteran's behalf, the official would only do so if "reasonably satisfied" that the veteran is entitled to the benefits sought. The VRRA does not specifically define the basis upon which the official may or may not be "reasonably satisfied." As such, representation decisions are discretionary under the VRRA. *See Boe v. Colello,* 438 F. Supp. 145, 152 (D.C.N.Y. 1977) (where a regulation provided that the town clerk is to be "reasonably satisfied" with an applicant's qualifications, without further guidance, the decision to issue a peddling license was in the clerk's "unbridled discretion").

USERRA's enforcement provision states that if "reasonably satisfied" as to the merit of the veteran's claim, the Attorney General "may" appear on behalf of a veteran. 38 U.S.C. § 4323(a)(1). This language clearly indicates the Attorney General's discretion in deciding whether to represent a veteran. *See* The USERRA Manual § 8:2 ("Government-assisted court actions are possible, but not an automatic right, for persons who believe a private employer, state, or local government has violated their rights under USERRA."); The USERRA Manual Appendix C, USSERA Regulations, § 1002.292(b) ("If the Attorney General determines that the individual's complaint does not have merit, the Attorney General may decline to represent him or her."). The provision

_____

38 U.S.C. § 2022 (1984).

also states that if the Attorney General decides not to represent a veteran, he or she may file an action against an employer. *See* 38 U.S.C. § 4323(a)(3)(2008) ("A person may commence an action for relief with respect to a complaint against . . . a private employer if the person . . . (C) has been refused representation by the Attorney General with respect to the complaint under such paragraph."). As in *Andrews*, this language supports the conclusion that the Attorney General's representation decision is discretionary.

Courts have refused to review the DOJ's decision not to represent a party under other federal statutes. *See, e.g., Falkowski v. E.E.O.C.*, 764 F.2d 907, 911 (D.C. Cir. 1985) ("DOJ's decision not to provide [plaintiff] with counsel was within the agency's unreviewable discretion" under 28 U.S.C. § 517); *Turner v. Schultz*, 187 F. Supp. 2d 1288, 1294 (D. Colo. 2002) (noting permissive language of 28 U.S.C. § 517, and that the "DOJ has enjoyed a lengthy history of discretionary authority in representation decisions"). In doing so, they relied upon the superiority of the DOJ as a decision maker on the questions at issue, and the absence of any congressional pronouncements cabining the agency's discretion. *See Falkowski*, 764 F.2d at 911; *Turner*, 187 F. Supp. 2d at 1294 (noting the statute "is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion"). Here, neither the

VRRA nor USERRA provisions indicate congressional intent to limit agency discretion, or offer any meaningful standard against which to judge the exercise of discretion in deciding whether to represent a party. *See Heckler,* 470 U.S. at 830. The VRAA and USERRA provide "no basis for a reviewing court to properly assess a representation decision, short of cross-examining the Attorney General on his views" on the merits of a veteran's claims. *Turner*, 187 F. Supp. 2d at 1296 (citing *Webster*, 486 U.S. at 600). As such, the Court holds that representation decisions under the enforcement provisions of the VRRA and USERRA are not reviewable. Because a challenge to an unreviewable agency decision necessarily fails to state a claim for relief, *DeLuca v. Lariva*, 586 Fed. Appx. 239, 241 (7th Cir. 2014), the DOJ's Motion to Dismiss is **GRANTED.**

Motion for Summary Judgment

Charcalla's motion for summary judgment states in its entirety: "Pursuant to Fed. R. Civ. P[.] 56(a), plaintiff moves for summary judgment to issue a writ of mandamus to the Director of Civil Rights Division DOJ based on supporting arguments for the Amended Petition for a Writ of Mandamus." (DE# 32 at 1.) Charcalla did not submit any brief or other pleading in support of this motion, and the DOJ did not respond to the motion.

Northern District of Indiana Local Rule 7-1 requires a moving party to file a supporting brief with any motion under Rule 56.

N.D. Ind. L.R. 7-1(b)(3). Local Rule 56-1 requires the moving party to include a section labeled "Statement of Material Facts" in the brief or brief's appendix, identifying the facts that the party contends are not genuinely disputed. N.D. Ind. L.R. 56-1(a). "The obligations set forth by a court's local rules are not mere formalities." *Zuppardi v. Wal-Mart Stores, Inc.,* 770 F.3d 644, 648 (7th Cir. 2014). While Charcalla is a *pro se* plaintiff, his *pro se* status does not relieve him from complying with procedural rules. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (explaining that *pro se* litigants must still comply with procedural rules); *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000) (upholding strict compliance with local rules governing summary judgment given "the important function served by local rules that structure the summary judgment process"). Charcalla's single sentence motion for summary judgment fails to satisfy Local Rules 7-1 and 56-1. *See Williams v. Gene B. Glick Co., Inc.,* 501 Fed. Appx. 543, 545 (7th Cir. 2013) (affirming summary judgment where *pro se* plaintiff "failed to submit *any* evidence to support these claims at summary judgment") (emphasis in original). Charcalla's motion for summary judgment is **DENIED**.

CONCLUSION

For the reasons set forth above, the Third Motion for Default Judgment (DE# 22) is **DENIED**; the Motion to Dismiss Plaintiff's Amended Petition for a Writ of Mandamus for Failure to State a Claim on Which Relief Can Be Granted and for Insufficient Service of Process (DE# 28) is **GRANTED**; and the Motion for Summary Judgment for a Writ of Mandamus (DE# 32) is **DENIED**.  Plaintiff's Amended Petition for a Writ of Mandamus (DE# 15) is **DISMISSED.**


**DATED:  August 7, 2015**          **/s/ RUDY LOZANO, Judge**
                                    **United States District Court**